Dear Chief Gautreaux:
In your recent letter to this office you requested an opinion regarding the filling of a vacancy in the elected office of chief of police for the City of Baker. You advise that the Baker home rule charter does not provide for the filling of a vacancy where the chief of police resigns.
When the filling of vacancies is not provided for in a home rule charter, R.S. 18:602 governs. R.S. 18:602(A) provides:
 A. When a vacancy occurs in the office of a member of a parish or municipal governing authority or a combination thereof, a mayor, or any other local or municipal office, except an office covered by Subsections B and C hereof and except the office of judge, state legislator, or marshal of a city or municipal court, and the office is filled by election wholly within the boundaries of a local governmental subdivision, the governing authority of the local governmental subdivision where the vacancy occurs shall, within ten days, appoint a person to fill the vacancy who meets the qualifications of the office. However, if the deadline for making the appointment falls on a Saturday, Sunday, or other legal holiday, then the next day which is not a Saturday, Sunday, or legal holiday shall be deemed to be the final day for making such appointment. The presiding officer of the governing authority shall not be required to vote on such an appointment to be made by the governing authority of a local governmental subdivision unless a tie vote occurs thereon, in which case he shall vote to break the tie; however, in no case shall the presiding officer vote more than once on the appointment. *Page 2 
Thus, the city council must make the appointment to fill the vacancy created by virtue of your resignation from office.
You also ask whether a City of Baker police officer may be appointed to fill the vacancy. An elected official is prohibited by R.S. 42:63(D) from holding employment in the same political subdivision in which he holds elected office. R.S. 42:63(D) states:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
However, there is no prohibition in the law which would prohibit a police officer from accepting the appointment where he resigns his employment prior to the appointment.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:__________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GERNERAL